_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01423-FWS-JDE                                       Date: October 4, 2024
Title: Maria Manjarrez v. Walmart Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                Attorneys Present for Defendant:

Not Present                                                                   Not Present

**PROCEEDINGS:**  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13]

Before the court is Plaintiff Maria Manjarrez's ("Plaintiff") Motion to Remand Action to Orange County Superior Court Pursuant to 28 U.S.C. § 1447(c).  (Dkt. 13 ("Motion" or "Mot.").)  Defendant Walmart, Inc., ("Defendant Walmart") filed an Opposition to the Motion, (Dkt. 14 ("Opposition" or "Opp.").)  Plaintiff filed a Reply.  (Dkt. 17 ("Reply").)  The court found this matter appropriate for resolution without oral argument and took the matter under submission.  (Dkt. 20 (citing Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.")); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").)  Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

I.   Background

On May 17, 2024, Plaintiff filed a Complaint in Orange County Superior Court against Defendant Walmart and Defendant Walmart's employee, Gabby Galvez ("Galvez"), for general negligence, willful failure to warn, and premises liability.  (*See* Dkt. 1, Ex. 1 ("Complaint" or "Compl.").)  Plaintiff alleges in the Complaint that "Defendants breached their duty of care to Plaintiff when they failed to properly maintain, manage, and control the premises, failing to alert or warn Plaintiff of [] an inherently unsafe condition."  (Compl. at 7, 8.)  As a result of "the negligence of the Defendants . . . Plaintiff sustained severe injuries . . . [and] incurred

___

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

**CIVIL MINUTES – GENERAL**

| Case No. 8:24-cv-01423-FWS-JDE | Date: October 4, 2024 |

Title: Maria Manjarrez v. Walmart Inc. *et al.*

___

medical and related expenses." (*Id.*) On June 27, 2024, Defendant Walmart removed the case based on 28 U.S.C. §§ 1332, 1441 and 1446. (Dkt. 1 at 1.) Plaintiff subsequently filed the Motion. (Mot.)

### II.     Legal Standard

Federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a suit originates in state court, a defendant may remove the suit to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Additionally, district courts strictly construe 28 U.S.C. § 1441(a) against removal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III.     Discussion

Plaintiff brings the Motion on two grounds: "(1) The instant action fails to meet the requirements of complete diversity jurisdiction under 28 U.S.C. § 1332(a) [because Galvez and Plaintiff are both California citizens] and is, thus, not removable pursuant to 28 U.S.C. § 1441(b), [and] (2) Wal-Mart's Notice of Removal is untimely." (Mot at 2.) Defendant Walmart argues in the Opposition that Galvez is fraudulently joined and therefore there is diversity between the parties. (Opp. at 12-15.) The court finds that Galvez was not fraudulently joined, and that Defendant Walmart did not adequately demonstrate diversity of citizenship at the time of removal.

### A. Defendant Walmart Has Not Adequately Demonstrated Fraudulent Joinder of Galvez

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01423-FWS-JDE　　　　　　　　　　　　　　　Date: October 4, 2024
Title: Maria Manjarrez v. Walmart Inc. *et al.*

___

　　　Plaintiff argues that complete diversity does not exist because Galvez, like Plaintiff, is a California citizen. (Mot. at 9-10.) Defendant Walmart argues that "Galvez was fraudulently joined solely to defeat diversity." (Opp. at 12.) The court observes that although Galvez is named as a defendant in the Complaint, the Complaint does not allege her relationship to Defendant Walmart or her specific role in the incident underlying the Complaint. (*See generally* Compl.) However, Plaintiff's attorney states that following the incident underlying the Complaint, "Plaintiff called the Wal-Mart store where the incident took place to inquire as to the name of the manager on duty on July 31, 2022, and [Plaintiff] was provided with the name of [] Galvez." (Mot. at 6 (citing Dkt. 13-2 ¶ 6).)

　　　"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). However, courts apply both a "strong presumption against removal jurisdiction," *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992), and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). Accordingly, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden'" of proving fraudulent joinder by "clear and convincing evidence." *Grancare*, 889 F.3d at 548; *see also Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

　　　A defendant may establish fraudulent joinder through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

___

**CIVIL MINUTES – GENERAL**　　　　　　　　　　　　　　　　　　　　　　　3

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01423-FWS-JDE                                        Date: October 4, 2024
Title: Maria Manjarrez v. Walmart Inc. *et al.*
_____

      The court finds that Defendant Walmart does not sufficiently discharge the "heavy burden" of establishing that Galvez is a fraudulently joined defendant. *Grancare*, 889 F.3d at 548. Defendant Walmart argues that "[t]he pleadings against Ms. Galvez are the species of 'mere conclusory statements' that would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)," and the court may "disregard [her] for jurisdictional purposes." (Opp. at 14.) Defendant Walmart also submits a Declaration by Galvez stating that she has "never been a manager for Walmart" and that she was not working at the time of the incident underlying the Complaint. (Dkt. 14-5 ("Galvez Declaration") ¶¶ 4, 7.) However, "[a] defendant seeking removal based on an allegedly fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Cervantes v. Wells Fargo Bank, N.A.*, 2015 WL 2127215, at *3 (C.D. Cal. May 6, 2015) (citing *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011)). Indeed, "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Grancare*, 889 F.3d at 549. And the court finds that at this stage of the proceedings, Defendant Walmart has not sufficiently shown by clear and convincing evidence that Plaintiff cannot possibly state a claim against Galvez. *See Gonzalez v. Sheraton Operating Corp.*, 2020 WL 7042817, at *1 (C.D. Cal. Dec. 1, 2020) (granting motion to remand and finding insufficient fraudulent joinder showing when, "[w]hile it is fairly clear that Plaintiff's current conclusory allegations would not survive a motion under Rule 12(b)(6), the Court cannot conclude on the record before it that it would be impossible for Plaintiff to rectify the deficiencies in an amended complaint.").

      Likewise, the allegations within the Galvez Declaration that Galvez is not a manager and was not present for the underlying incident do not sufficiently demonstrate fraudulent joinder, because "a denial, even a sworn denial, of allegations does not prove their falsity." *See GranCare*, 889 F.3d at 551 ("GranCare has not demonstrated that there is no possibility that Plaintiffs could prevail against Rhodes. GranCare submitted a declaration from Rhodes in which she denied the allegations and emphasized that her role is largely administrative. But a denial, even a sworn denial, of allegations does not prove their falsity, and Rhodes's status as an administrator does not insulate her from liability."); *see also Berryhill v. Costco Wholesale Corp.*, 2023 WL 3302869, at *2 (E.D. Cal. May 8, 2023) ("First, a self-serving declaration

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01423-FWS-JDE                                     Date: October 4, 2024
Title: Maria Manjarrez v. Walmart Inc. *et al.*

written by the defendant in question hardly qualifies as the 'extraordinarily strong evidence' required to prove fraudulent joinder."). Moreover, "[a] defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("The words fraud and sham imply a degree of chicanery or deceit, and a state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham."). Accordingly, the court finds that Defendant Walmart has not sufficiently met its burden of proving that Galvez was fraudulently joined.

### B. Defendant Walmart Did Not Adequately Demonstrate Diversity of Citizenship at the Time of Removal

"A defendant seeking removal has the burden of establishing that removal is proper." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted); *see also Prize Frize Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."). Defendant Walmart's Notice of Removal states that "Plaintiff's Complaint does not allege that Ms. Galvez is a citizen of the State of California. There being no allegation as to Ms. Galvez'[s] citizenship, her inclusion as a Defendant in this case does not have any effect on whether there is complete diversity between Plaintiff and all Defendants." (Dkt. 1 at 5 ("Notice of Removal").) The court finds that Defendant Walmart fails to sufficiently discharge Defendant Walmart's burden of establishing that removal is proper, because Defendant Walmart does not adequately assert the citizenship of Galvez. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("In this case, neither Plaintiffs' complaint nor Pfizer's [(Defendant's)] notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof . . . Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.").

The court further finds that as Galvez's employer, Defendant Walmart was in a position to know Galvez's citizenship at the time of removal, and Defendant Walmart's failure to meet the burden of alleging diversity of citizenship is without excuse. *Sandoval v. Republic Servs.*,

_____

**CIVIL MINUTES – GENERAL**                                                                                          5

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01423-FWS-JDE | Date: October 4, 2024 |
| Title: Maria Manjarrez v. Walmart Inc. *et al.* | |

*Inc.*, 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) ("As a matter of policy, it is 'unfair to force plaintiffs from their state court forum into federal court by allowing a defendant to plead ignorance about the defendant-employee's identity and citizenship when a corporate defendant is in a position to know that information.'") (cleaned up) (citing *Collins v. Garfield Beach CVS, LLC*, 2017 WL 2734708, at *2 (C.D. Cal. 2017)). Moreover, the court finds that Defendant Walmart's argument regarding fraudulent joinder indicates Defendant Walmart's belief that Galvez is a California citizen. (*See* Opp. at 13-15.) Accordingly, because the court finds that Galvez was not fraudulently joined and Defendant did not adequately allege diversity of citizenship at the time of removal, the court **GRANTS** Plaintiff's Motion.[1]

### C. Plaintiff's Request for Attorneys' Fees is Denied

"[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.*

Plaintiff requests attorneys' fees and costs incurred in bringing the Motion because Defendant Walmart lacked an "objectively reasonable" basis for removing the action. (Mot. at 12-13.) Defendant Walmart responds that "Defendant [Walmart] had a reasonably objective basis for removing this case. Since Ms. Galvez was only an hourly employee, without managerial responsibilities and who was not present at the time of the incident, there is no basis for liability against her under any theory, thus making her a sham defendant." (Opp. at 16.)

---

[1] Plaintiff also argues that Defendant's removal was untimely. (*See* Mot. at 10-12.) Because the court finds that remand is appropriate based on a lack of diversity between the parties, the court does not address the question of whether removal was timely.

_____

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01423-FWS-JDE | Date: October 4, 2024 |
| Title: Maria Manjarrez v. Walmart Inc. *et al.* | |

The court finds that Defendant Walmart's arguments were not so objectively unreasonable as to warrant an award of attorneys' fees and costs, particularly because Defendant Walmart challenges that Galvez was involved in the incident underlying the Complaint. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("There is no question that Dollar Tree's arguments were losers. But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."). Accordingly, the court **DENIES** Plaintiff's request for attorney fees and costs.

### IV.  Disposition

For the reasons set forth above, the court **GRANTS** Plaintiff's Motion and **DENIES** Plaintiff's request for attorneys' fees and costs. This case is **REMANDED** to Orange County Superior Court as case number 30-2024-01400728-CU-PA-NJC-ROA.

Initials of Deputy Clerk:  mku